## Board of Trustees of the Graded Free Colored Common School of Mayfield, Kentucky v. Board of Trustees of the Graded White Common School of Mayfield, Kentucky.

(Decided June 21, 1918.)

### Appeal from Graves Circuit Court.

HESTER & HESTER for appellant.

W. J. WEBB and J. E. ROBBINS for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE SAMPSON. (For opinion see 180 Ky. 574.)

The petition for rehearing calls our attention to the case of the Board of Education of Somerset Public Graded School v. The Trustees of the Colored School District No. One, found in 18th Kentucky Law Reporter, 103, 35 S. W. 549, and it is insisted that the rule announced in that case is contrary to the conclusion reached in this case. We can not assent to this contention. That case is easily distinguishable from the one at bar, and it was not overlooked in the preparation of the original opinion. In the Somerset case a tax had

been levied and collected by the white school from corporations, and there came up a controversy as to the division of it between the white and colored schools, much as in this case, and upon the advice of the Superintendent of Public Schools, who stated to the contending parties that a new law had been enacted, providing for a division of such taxes between the races, an agreement was entered into for a proportional division of the funds between the white and colored schools, and this agreement was in writing and signed. Afterwards the white board became dissatisfied with the agreement and sought to avoid it, contending (1) that it was made under a mistake of law; and (2) that the white board had no power to divert the tax fund or apply it in any other manner than as set forth in the statute. On the face of the statute, section 3588a, no division of the revenues arising from taxation of property of private corporations can be used for the support of colored schools. Following the letter of the statute the court held in the Somerset case that the white board of education had no right or power to agree to an apportionment of the revenue between the schools, and certainly not in any manner other than as provided by statute. It further held that the agreement between the two boards was not enforceable, saying: "We think it plain that the agreement entered into is a mere nullity and without binding force." It is very true that such an agreement in and of itself would not be enforceable, but in that case the constitutional question was not raised or considered as was done in this case. The opinion in the Somerset case did not hold the statute constitutional but only passed upon the validity of the contract made between the white and colored boards. No doubt the court in that case would have held the statute, insofar as it undertakes to appropriate all the revenue arising from taxation of the property of private corporations to the use and support of white schools only, unconstitutional and void if that question had been made. The statute was not then attacked as in conflict with the constitution, and the court did not consider the constitutional question in the determination of the case. We are of the opinion that the conclusion reached in the Somerset case is not in conflict with the original opinion in this case, and if it were, the rule laid down in this case, we conceive, to be the true and correct one and is adhered to.

We do not regard the contention that the action should be prosecuted against the city of Mayfield instead of the white board of education as sound. The city as an agency only, made the levy and collected the tax for school purposes. It was then turned over to the white board of education and the board directed its expenditure. The city did not appropriate any part of the money, but the whole was applied to the support and maintenance of the white schools.

The whole court sat in the consideration of the petition for rehearing and concur in this response.